# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRUCE CALVIN GREEN, )
)
        Plaintiff, )
)
v. ) No. CIV 16-162-RAW-SPS
)
ROBERT PATTON, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the Court on Defendants' motions to dismiss and the Court's own motion to dismiss pursuant to 28 U.S.C. § 1915(e). The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants Todd Welsh and Terri Apala's motion to dismiss (Dkt. 17), Defendant Robert Patton's motion to dismiss (Dkt. 20), Plaintiff's response to Welsh and Apala's motion (Dkt. 25), and Welsh and Apala's reply (Dkt. 26).

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations during his incarceration at Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma. The defendants are Robert Patton, former DOC Director, in his individual capacity; Emma Watts, JBCC Warden; Dr. Carmen, JBCC Physician; Todd Welsh, JBCC Unit Manager; Terri Apala, JBCC Case Manger; and Joe M. Allbaugh, current DOC Director, in his official capacity.

Plaintiff alleges he was required to transfer from JBCC to Oklahoma State Penitentiary (OSP) to work in Food Service. When he told Defendants Todd Welsh and Terri Apala that he could not perform any stressful work, they instructed him to submit a sick call

request to talk to Dr. Carmen. Plaintiff submitted a request, and an appointment with Dr. Carmen was scheduled.

When Plaintiff went to his medical appointment, he explained to Dr. Carmen that a bulging disc in his neck was pressing against his nerves and causing him to lose strength on the right side of his body. Dr. Carmen had Plaintiff lift his arms and put his hands behind his back. She then said there was nothing wrong with him, and "OSP has to eat."

Dr. Carmen gave Plaintiff a seven-day lay-in which she did not renew. On May 31, 2015, Plaintiff was sent to work in OSP Food Service. When he started to go to his assigned work area, he slipped and fell, injuring his back and aggravating a previous injury. He was instructed to put ice on the injured areas but received no other medical treatment. Plaintiff also claims he was issued disciplinary reports on eight occasions, but he does not explain the reasons for the reports (Dkt. 1 at 2, 8).

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, resulting in the unnecessary and wanton infliction of pain. Furthermore, contrary to Defendants' assumptions in their motions, he asserts he is not alleging a claim pursuant to the Oklahoma Governmental Torts Claims Act, Okla. Stat. tit. 51, § 151 (Dkt. 25).

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

3

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**Official or Individual Capacities**

Defendants Welsh, Apala, and Patton allege in their motions to dismiss that it is unclear whether they have been sued in their official capacities, individual capacities, or both. When a pro se plaintiff fails to specifically indicate whether he is suing a defendant in his official or individual capacity, he is given the benefit of the doubt, and the court will liberally construe his claims against named defendants in both their official and individual capacities. *See Hull v. State of N.M. Taxation & Revenue Dep't's Motor Vehicle Div.*, 179 Fed. App'x 445, 447, 2006 WL 1075617, at \*\*2 (10th Cir. Apr. 25, 2006) (citing *Brady v. Smith*, 656 F.2d 466, 469 (9th Cir. 1981)). Therefore, the Court finds Defendants Welsh, Apala, and Patton were sued in both capacities.

**Eleventh Amendment Immunity**

Defendants Welsh and Apala further allege that as employees of the Oklahoma Department of Corrections, they are entitled to Eleventh Amendment immunity. The official capacity claims against the defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169

4

(1985).

The Court, therefore, grants Defendants Welsh and Apala's motion to dismiss all claims against them in their official capacities. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are DISMISSED WITHOUT PREJUDICE. *See Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

On January 9, 2017, DOC Director Joe M. Allbaugh was substituted for Defendant Robert Patton, in his official capacity. (Dkt. 30). For the reasons set forth above, Defendant Allbaugh, in his official capacity, also is entitled to Eleventh Amendment immunity and is DISMISSED WITHOUT PREJUDICE.

**Personal Participation**

Defendants Welsh, Apala, and Patton allege, among other things, that Plaintiff has failed to show they personally participated in the alleged Eighth Amendment violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The record shows Plaintiff has not claimed that these three defendants personally participated in the alleged Eighth Amendment violations. Plaintiff asserts he explained to Welsh and Apala that his bulging disc prevented him from working, but neither of these JBCC defendants are alleged to have been responsible for Plaintiff's assignment to the OSP Food Service job. As for Defendant Patton, Plaintiff only alleges this defendant is the DOC

5

Director, and Plaintiff has presented no facts connecting Patton to the alleged violations. Because Plaintiff has failed to show their personal participation, Defendants Welsh, Apala, and Patton are DISMISSED WITH PREJUDICE in their individual capacities.

**Defendants Emma Watts and Dr. Carmen**

According to the USM-285 forms for Defendants Emma Watts and Dr. Carmen, Ms. Watts no longer works at JBCC, and Dr. Carmen is "unknown." (Dkts. 13, 15). On January 9, 2017, the Court directed Plaintiff to show cause why Defendants Watts and Carmen should not be dismissed from this action for Plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4(m) (Dkt. 32). Plaintiff's response to the Order stated he did not have forwarding addresses for Watts or Carmen (Dkt. 33).

It is Plaintiff's responsibility to provide sufficient information for service on the parties. *See Pemberton v. Patton*, No. 15-7059, 2916 WL 7383967, at *2-*3 (10th Cir. Dec. 21, 2016). Here, the Court finds Plaintiff has not alleged he made any efforts to discover the correct addresses for service of Defendants Emma Watts and Dr. Carmen. Therefore, Defendants Watts and Carmen are DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to serve them pursuant to Fed. R. Civ. P. 4(m).

**Conclusion**

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded,

6

warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendants Welsh, Apala, and Allbaugh are DISMISSED WITHOUT PREJUDICE in their official capacities; Defendants Welsh, Apala, and Patton are DISMISSED WITH PREJUDICE in their individual capacities; and Defendants Emma Watts and Dr. Carmen are DISMISSED WITHOUT PREJUDICE in their official and individual capacities. This action is, in all respects, DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a "prior occasion" or "strike," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 28th day of March 2017.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**